NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CATHERINE MAZZOLA, M.D., and NEW JERSEY PEDIATRIC NEUROSURGICAL ASSOCIATES, LLC,<br><br>Plaintiffs,<br>v.<br>AMERICHOICE OF NEW JERSEY, INC. d/b/a UNITED HEALTHCARE COMMUNITY PLAN IN NEW JERSEY, *et al.*,<br><br>Defendants. | Civil Action No. 13-429 (CCC)<br><br>REPORT AND RECOMMENDATION |

**FALK, U.S.M.J.**

Before the Court is Plaintiffs' motion to amend the Complaint and to remand to state court. (CM/ECF. No. 9.) The motion is opposed. No argument was heard. Fed. R. Civ. P. 78(b). For the reasons that follow, it is respectfully recommended that Plaintiffs' motion be **granted**.

## BACKGROUND

Plaintiff Catherine Mazzola, M.D. ("Dr. Mazzola") is a board certified pediatric neurosurgeon in the State of New Jersey. (Compl. ¶ 1.) Plaintiff New Jersey Pediatric Neurosurgical Associates, LLC is the entity through which Dr. Mazzola provides

neurosurgical professional services (collectively "Plaintiffs"). (Id.) Defendant AmeriChoice of New Jersey[1] ("AmeriChoice" or "Defendant") is a Medicaid Managed Care Organization ("MCO"). (Compl. ¶ 19.) Plaintiffs are not part of the AmeriChoice network of medical providers. (Compl. ¶ 16.) Dr. Mazzola performed emergent and referral based brain surgeries on eight patients, all of whom were AmeriChoice enrollees. (Plaintiffs' Brief ("Pl.'s Br.") 1.) Plaintiffs billed AmeriChoice $578,101.16 for these procedures, of which AmeriChoice paid $6,642.35. (Compl. ¶ 9; Am. Comp. ¶¶ 2-3.)

On December 6, 2012, Plaintiffs filed a six-count Complaint in state court seeking additional payment by AmeriChoice for the emergency services rendered. Count One asserts a federal law cause of action arising under Title XIX of the Social Security Act, 42 U.S.C. 1396, *et seq*. ("Medicaid Act"). (Compl. ¶¶ 60-69.) Counts Two through Six contain claims based upon state statutes and regulations governing state-contracted managed care organizations, as well as common law claims for estoppel, unjust enrichment and quantum meruit. (Pl.'s Br. 1; Compl. ¶¶ 70-109.)

AmeriChoice removed the case on January 22, 2013, arguing that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 based on Plaintiffs' federal law claim. Contending that Plaintiffs' federal and state law claims are based on the same set of operative facts—specifically, that AmeriChoice, as an MCO, owes Plaintiffs additional sums for the medical services rendered—Defendant also maintained that this Court

---

[1] According to the Complaint, AmeriChoice has changed its name to United Healthcare Community Plan of New Jersey. (Compl. ¶ 3.)

2

should exercise supplemental jurisdiction over Plaintiffs' state law claims.

On January 28, 2013, Plaintiffs filed a motion to remand Counts Two through Six (the state law claims) to state court.[2] (CM/ECF. No. 4.) Defendant filed an Answer on February 13, 2013. (CM/ECF No. 5.) On August 7, 2013, the Court denied Plaintiffs' motion to remand without prejudice.[3] (CM/ECF. No. 8.) On August 16, 2013, Plaintiffs filed the instant motion seeking to amend the Complaint to dismiss Count One (the sole federal claim) and to remand Counts Two through Six pursuant to § 1441(c).[4] Plaintiffs argue that once the federal claim is dismissed, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims and the case should be remanded. Defendant opposes the motion contending that Plaintiffs' motive for dismissing the claim is forum manipulation. Defendant also argues that the Court has supplemental jurisdiction over the state law claims because they arise out of the same set of operative facts as the federal claim.

---

[2]Plaintiffs' motion and moving brief sought to sever Counts Two through Six. (CM/ECF No. 4.) Plaintiffs asserted, however, for the first time in their reply brief that they were also moving to amend the Complaint to voluntarily dismiss Count I containing their claim under the Medicaid Act. Plaintiffs argued that without the existence of a federal claim, the Court should decline to exercise supplemental jurisdiction and remand the case.

[3]Because Plaintiffs failed to seek leave to amend the Complaint, the Court denied the motion to remand and permitted Plaintiffs to re-file the motion and a motion to amend. (CM/ECF. No. 8.)

[4]Plaintiffs do not challenge the procedural validity of Defendant's removal. Instead, Plaintiffs narrowly argue that the Court should decline to exercise supplemental jurisdiction over the remaining state law claims.

**DISCUSSION**

A. <u>Motion to Amend the Complaint</u>

Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a). Once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is generally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. The ultimate decision to grant or deny leave to amend is a matter committed to the Court's sound discretion. See, e.g., <u>Zenith Radio Corp. v. Hazeltine Reseach, Inc.</u>, 401 U.S. 321, 330 (1970).

Plaintiffs move to amend to dismiss Count I containing their claim under the Medicaid Act—their sole federal cause of action. Defendant will not be prejudiced in any way by the proposed amendment. In fact, the amendment reduces the claims against Defendant. Discovery in this case has not begun. The case is still in its earliest stages. Plaintiffs have not unduly delayed in filing their motion.[5] Defendant has not presented a compelling reason which would warrant denial of leave to amend. Simply put, Defendant is not prejudiced by the early amendment. Accordingly, Plaintiff's motion to amend is

---

[5] As noted above, Plaintiffs initially filed a timely motion on January 28, 2013 seeking to remand Counts Two through Six to state court. (CM/ECF No. 4.) The motion was denied without prejudice on August 7, 2013. (CM/ECF No. 8.) Plaintiffs filed the instant motion on August 16, 2013, within the time specified by the Court's August 7, 2013 Order.

granted.[6]

    B.  Motion to Remand

Supplemental jurisdiction is a doctrine of discretion. See De Ascencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir. 2003). A district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction. . . ." 28 U.S.C. § 1367(c). In such an instance, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (quoting Borough of W. Miflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995)). A plaintiff's forum-manipulating motivation in dismissing his federal claims is to be considered in weighing the factors relevant to remand. See Carnegie-Mellon Univ. v. Cahill, 484 U.S. 343, 357 (1988); Trans Penn Wax Corp. v. MaCandless, 50 F.3d 217, 223 (3d Cir. 1995). However, such behavior is "but one factor to be considered among the factors of economy, convenience, fairness, and comity." Cabibbo v. Parsons Inspection & Maint. Corp., No. 09-3213, 2009 WL 3074731, at *7 (D.N.J. Sept. 23,

---

[6]The parties also raise in a cursory fashion the propriety of dismissal pursuant to Rule 41(a). Even if Plaintiffs' motion were viewed as a request to dismiss pursuant Rule 41(a), it would not alter the Court's ruling. Motions to voluntarily dismiss some but not all of a plaintiff's claims "should be allowed unless [the] defendant will suffer some prejudice other than the mere prospect of a second lawsuit." See Datto v. Thomas Jefferson University, No. 08-2154, 2009 WL 577458 (E.D. Pa. March 4, 2009) (citing In re Paoli R. R. Yard PCB Litig., 916 F.2d 829 (3d Cir. 1990)). As stated above, Americhoice is not prejudiced by dismissal of Plaintiffs' federal claim.

5

2009); accord Datto v. Thomas Jefferson Univ., No. 08-2154, 2009 WL 577458, at *3 (E.D.Pa. Mar. 4, 2009).

Having granted Plaintiff leave to amend, the Court must now consider whether to exercise supplemental jurisdiction over the remaining state law claims. The Court finds that the balancing of judicial economy, convenience and fairness to the parties weighs heavily in favor of remand in this case. This matter is in its infancy. The Court has not heard any other motions and there is no scheduling order in place. See Freund v. Florio, 795 F.Supp. 702, 710 (D.N.J. 1992) ("[a]t this early stage in the litigation, dismissal of the pendent state claims in a federal forum will result in neither a waste of judicial resources nor prejudice to the parties"). In these times of strained federal judicial resources, and the nascent trend against supplemental jurisdiction, a federal court should not necessarily retain a state case simply because the plaintiff initially included a single federal claim (probably without anticipating removal). This is especially so when the plaintiff rapidly seeks to jettison the federal claim.

The interest of comity is also served by remand. The remaining state law claims involve the interpretation of New Jersey regulatory and statutory provisions governing state-contracted managed care organizations, as well as common law claims for estoppel, unjust enrichment, and quantum meruit.[7] The state has a strong interest in interpreting

---

[7]Defendant argues that the remaining state law claims "directly depend upon federal law." (Defendant's Brief ("Def.'s Br.") 8.) Defendant does not, however, actually contend that this Court has jurisdiction over the state law claims under Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). Even if Defendant were to advance such an argument, this Court

6

what appear to be complex issues of state law and public policy. Thus, such matters are best suited for resolution in the state court. Defendant argues that Plaintiffs' dismissal of their federal claims is motivated solely by their desire to have their claims heard in state court. Even if true, such concern does not outweigh the other factors favoring remand. See Trans Penn Wax Corp., 50 F.3d at 223.

## CONCLUSION

For the reasons set forth, it is respectfully recommended that Plaintiffs' motion to amend the Complaint and to remand be **GRANTED**.


   s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**Dated: November 12, 2013**

---

would not find that the state law causes of action are Grable claims.